**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

FEB 13 2023

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MIGUEL LOPEZ ARELLANO,

    Petitioner,

 v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

No. 20-71223

Agency No. A201-021-940

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2023[**]
Phoenix, Arizona

Before: GRABER, CLIFTON, and CHRISTEN, Circuit Judges.

 Petitioner Miguel Lopez-Arellano, a native and citizen of Mexico, entered the United States in 1994 without inspection. He conceded removability but sought cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Board of Immigration Appeals ("BIA") dismissed his appeal from an immigration judge's

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

("IJ") denial of his request for cancellation of removal. Petitioner timely seeks our review. We deny the petition in part and dismiss it in part.

1. Petitioner challenges the IJ's determination that he is ineligible for cancellation of removal because he failed to demonstrate that removal would result in an exceptional and extremely unusual hardship to his children, who are United States citizens. We have held that, in the context of cancellation of removal, the agency's determination that a noncitizen did not demonstrate "exceptional and extremely unusual hardship" pursuant to 8 U.S.C. § 1229b(b)(1)(D) is ordinarily unreviewable under 8 U.S.C. § 1252(a)(2)(B)(i). De La Rosa-Rodriguez v. Garland, 49 F.4th 1282, 1286–87 (9th Cir. 2022). But we retain jurisdiction to consider a question of law or a mixed question of law and fact, including whether the agency applied the correct legal standard in assessing a petitioner's claim for discretionary relief. Id. at 1285. Here, Petitioner fails to raise any such issue. Although Petitioner frames the IJ's analysis of the hardship issue as a "legal question," it is apparent from his brief that he actually seeks a reweighing of the facts. To the extent that Petitioner disagrees with the agency's weighing of hardship factors or its conclusion, we lack jurisdiction to consider those issues.[1]

---

[1] Petitioner also filed a letter pursuant to Federal Rule of Appellate Procedure 28(j), arguing that, under the Supreme Court's decision in Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), he should have been permitted to accrue additional "continuous physical presence" after the date the Notice to Appear was issued. But Niz-Chavez has no bearing on Petitioner's eligibility for cancellation of

2

2. Petitioner also argues that the IJ lacked jurisdiction to conduct the removal proceedings because the Notice to Appear failed to include information about the date and time of the removal proceedings—even though a subsequently filed Notice of Hearing provided the missing information. Our decision in United States v. Bastide-Hernandez, 39 F.4th 1187 (9th Cir. 2022) (en banc), ”), cert. denied, No. 22-6281, 2023 WL 350056 (U.S. Jan. 23, 2023), forecloses that jurisdictional argument.

**PETITION DENIED in part and DISMISSED in part.**

---

removal because his lack of physical presence was not a ground for denying the application. See 8 U.S.C. § 1229b(b)(1)(A).